# CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>MARIO LOPEZ BELTRAN | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>12-0672M |

Complaint for violation of Title 8, United States Code §§ 1326(a), (b)(2): Illegal Alien Found in the United States Following Deportation.

| NAME OF MAGISTRATE JUDGE<br>HON. MARGARET A. NAGLE | UNITED STATES MAGISTRATE JUDGE | LOCATION<br>Los Angeles, CA |
|---|---|---|
| DATE OF OFFENSE<br>March 7, 2012 | PLACE OF OFFENSE<br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

[8 U.S.C. § 1326(a), (b)(2)]

On or about March 7, 2012, defendant MARIO LOPEZ BELTRAN, also known as ("aka") "Mario Beltran," aka "Mario Lopez," an alien, who had been officially deported and removed from the United States on or about April 4, 1996, and December 10, 2002, was found in Los Angeles County, within the Central District of California, after knowingly and voluntarily re-entering and remaining in the United States without having obtained permission from the Attorney General or his designated successor, the Secretary for Homeland Security, to reapply for admission to the United States following deportation and removal.

Defendant's previously alleged deportations and removals from the United States occurred subsequent to defendant's conviction for the following aggravated felonies: Conspiracy to Possess with Intent to Distribute 100 Kilograms or More of Marijuana, in violation of Title 21, United States Code, Section 846, on or about August 11, 1994, in the United States District Court, Middle District of Florida, Case Number 93-216-CR-T-23-A, for which defendant was sentenced to 33 months' imprisonment; and Illegal Alien Found in the United States Following Deportation, in violation of Title 8, United States Code, Section 1326, on or about December 1, 1998, in the United States District Court, Middle District of Florida, Case Number 8:98-CR-239, for which defendant was sentenced to 57 months' imprisonment.

| BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:<br>(See attached affidavit which is incorporated as part of this Complaint) | FILED<br>CLERK, U.S. DISTRICT COURT<br>MAR 21 2012<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ DEPUTY |
|---|---|

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>STEVEN COSSETTINI   /S/<br><br>OFFICIAL TITLE<br>Deportation Officer - ICE |
|---|---|

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE<br>MARGARET A. NAGLE | DATE<br>March 21, 2012 |
|---|---|

AUSA Lane Dilg x3493   REC: DETENTION

## A F F I D A V I T

I, Steven Cossettini, being duly sworn, do hereby depose and say:

1. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been employed as an Immigration Officer with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since June, 1996. I have been a DO with ICE since August, 1997. I am currently assigned to the Los Angeles Field Office.

2. This affidavit is made in support of a criminal complaint against MARIO LOPEZ BELTRAN ("LOPEZ"), also known as ("aka") "Mario Beltran," aka "Mario Lopez," charging him with violating Title 8, United States Code, Sections 1326(a) and (b)(2): Illegal Alien Found in the United States Following Deportation. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses. This affidavit is intended to show that there is probable cause for the requested complaint and does not purport to set forth all of my knowledge of, or investigation into this matter.

3. On or about March 7, 2012, ICE Immigration Enforcement Agent Jose Guerrero notified me that LOPEZ, a previously deported

1

criminal alien, was present in the United States and in the administrative custody of the ICE Los Angeles Branch. Based on this notification, I undertook the present investigation of LOPEZ.

4. Based on my training and experience, I know that a DHS "A-File" is a file in which all immigration records are maintained for an alien admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and all records relating to deportation or other actions by DHS (or INS) with respect to the subject alien for whom the DHS A-File is maintained.

5. On or about March 12, 2012, I reviewed DHS A-File A72-831-754, which is maintained for the subject alien "Mario Lopez Beltran." The A-File contained, among other things, the following documents and information:

    a. Photographs of the alien subject to whom DHS A-File A72-831-754 corresponds. I compared these photographs to the ICE booking photograph of LOPEZ taken on or about March 7, 2012. These photographs appear to depict the same person. Thus, I determined that DHS A-File A72-831-754 and its contents correspond to LOPEZ.

    b. A DHS Detainer (Form I-247), dated March 7, 2012. Based upon my review of that detainer, as well as other documents

in LOPEZ'S DHS A-File, and based on my training and experience, I am able to determine that on or about March 7, 2012, ICE Enforcement Agent Jose Guerrero learned that LOPEZ was present at Burbank Police Station in Burbank, California, and was in the process of being registered as a sex offender. Enforcement Agent Guerrero interviewed LOPEZ and then placed an ICE detainer on him. As a result, LOPEZ was transferred to ICE administrative custody on or about the same day.

      c. Two executed Warrants of Removal/Deportation indicating that LOPEZ was officially removed and deported from the United States on or about April 4, 1996 and December 10, 2002. I know from my training and experience that a Warrant of Removal/Deportation is executed each time a subject alien is removed and deported from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and/or fingerprint. The executed Warrant of Removal/Deportation in LOPEZ's A-File dated April 4, 1996, contains his signature and fingerprint, and the executed Warrant of Removal/Deportation in LOPEZ's A-File dated December 10, 2002, contains his photograph, signature, and a fingerprint.

      d. A certified copy of a conviction record showing that LOPEZ was convicted on or about August 11, 1994, of Conspiracy to Possess with Intent to Distribute 100 Kilograms or More of Marijuana, in violation of Title 21, United States Code,

3

Sections 846 and 841(b)(1)(B)(vii), in the United States District Court, Middle District of Florida - Tampa, case number 93-216-CR-T-23-A. For this offense, LOPEZ was sentenced to 33 months in prison.

    e.   Records indicating an additional felony conviction. These records show that on or about December 1, 1998, LOPEZ was convicted of Illegal Alien Found in the United States Following Deportation, in violation of Title 8, United States Code, Section 1326, in the United States District Court, Middle District of Florida - Tampa, case number 98-CR-239. For this offense, LOPEZ was sentenced to 57 months in prison.

    f.   Various documents, in addition to the Warrants of Removal/Deportation, indicating that LOPEZ is a native and citizen of Mexico. These documents include: (i) an Order of the Immigration Judge, dated March 18, 1996, in which LOPEZ was ordered deported to Mexico, and (ii) a Record of Sworn Statement, dated August 23, 2002, in which LOPEZ stated that he is a native and citizen of Mexico.

6. On March 12, 2012, I reviewed the printout of LOPEZ's criminal history (or "rap sheet") run by the Federal Bureau of Investigation ("FBI"). Based on my training and experience, I know that the FBI tracks and records federal arrests and convictions based on an individual's FBI number. The FBI

printout confirms that LOPEZ had been convicted of the crime reflected in the documents contained in LOPEZ'S DHS A-File.

7. On March 12, 2012, I reviewed the printouts of ICE computer indices on LOPEZ. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported from the United States by ICE (or INS) or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that LOPEZ had been removed and deported on or about the dates indicated on the Warrants of Removal/Deportation found in LOPEZ's DHS A-File. The ICE computer indices further indicated that LOPEZ had not applied for or obtained permission from the Attorney General or his designated successor, the Secretary of Homeland Security, to re-enter the United States legally since LOPEZ had last been deported.

8. Based on my review of LOPEZ's DHS A-File, I determined that his A-File does not contain any record of him ever applying for, or receiving permission from, the Attorney General or his designated successor, the Secretary of Homeland Security, to legally re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in LOPEZ's DHS A-File.

9. Based on the foregoing facts, there is probable cause to believe that LOPEZ has violated Title 8, United States Code, Sections 1326(a) and (b)(2): Illegal Alien Found in the United States Following Deportation.

/s/
_____
Steven Cossettini
Deportation Officer - ICE

Subscribed and sworn to before me
on this 21st day of March, 2012.

MARGARET A. NAGLE
_____
HONORABLE MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

6